UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-917 PSG E | Date | July 12, 2017 |
|---|---|---|---|
| Title | Shirley Lindsay v. 6310-6318 Van Nuys Blvd. LLC *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**   Order DENYING Plaintiff's Motion for Summary Judgment

Before the Court is Plaintiff Shirley Lindsay's motion for summary judgment. Dkt. # 34 ("Mot."). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the arguments in the papers, the Court DENIES Plaintiff's motion for summary judgment.

I.   Background

Plaintiff Shirley Lindsay ("Plaintiff") has physical disabilities due to osteoarthritis and uses a cane and wheelchair for mobility. *See Mot.* 1; Dkt. # 34-2, *Plaintiff's Statement of Uncontroverted Facts* ("PSUF") ¶ 1; *see also* Dkt. # 34-5, *Declaration of Shirley Lindsay* ("Lindsay Decl.") ¶ 2. Plaintiff also drives a specially equipped van with a ramp that deploys from the passenger side to accommodate her wheelchair. *PSUF* ¶ 2. In order to park her van, Plaintiff requires a van-accessible parking space with an eight foot access aisle. *Id.* ¶ 11.

On June 16, 2014, Plaintiff visited a restaurant, Villaggio Deli & Restaurant (the "Restaurant"), operated on property owned by Defendant 6310-6318 Van Nuys Blvd, LLC ("Defendant"). *Id.* ¶ 5, 8. Plaintiff alleges the Restaurant had a sign that said, "Parking in Rear," so she proceeded to park in the lot behind the building. *Id.* ¶ 7. Although the lot had twenty parking spaces, Plaintiff discovered there was not one space designated for use by persons with disabilities. *Id.* ¶ 9. Plaintiff was thus unable to park her van and visit the Restaurant. *Id.* ¶ 12; *Lindsay Decl.* ¶ 13.

On January 13, 2016, Evens Louis investigated the site on Plaintiff's behalf and found that none of the parking spaces in Defendant's rear lot was marked and reserved for persons with disabilities, and that the path to the rear door of the Restaurant was obstructed by two steps. *Id.* ¶¶ 16–18. On February 24, 2016, Plaintiff returned to patronize the Restaurant, but once more found there was no disabled parking provided. *Id.* ¶ 14. Plaintiff filed suit on February 10,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-917 PSG E | Date | July 12, 2017 |
|---|---|---|---|
| Title | Shirley Lindsay v. 6310-6318 Van Nuys Blvd. LLC *et al.* | | |

2016, asserting claims for violations of: (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and (2) California's Unruh Civil Rights Act, Cal. Civ. Code § 51. *See* Dkt. # 1, *Complaint*.

Several months after Plaintiff filed her Complaint, Defendant made voluntary improvements in the lot by adding a handicapped-accessible parking space and removing the two steps leading to the rear door, thus bringing the lot into ADA compliance, which was verified by an inspection conducted on July 7, 2016. Dkt. # 35-1, *Declaration of Morteza Ghasemizadeh* ("Morteza Decl.") ¶ 22–23; Dkt. # 35-18, Ex. 109. Defendant asserts it made these improvements without any actual obligation to do so because the lot in question has always been a private, tenant-only parking lot. *Morteza Decl.* ¶¶ 5, 11, 13. On April 19, 2017, Plaintiff's expert, Janis Kent, a Certified Access Specialist, visited the Restaurant to conduct a site inspection. *PSUF* ¶ 19. While Kent acknowledges the improvements, Kent's report indicates that, as of April 19, 2017, the lot still falls short of full ADA compliance. *Id.* ¶¶ 19–21, 24–25; Dkt. # 34-11, Ex. 8 ("Kent Report").

On May 15, 2017, Plaintiff filed this motion of summary judgment. Dkt. # 34 ("Mot."). Defendant opposed the motion, *see* Dkt. # 35 ("Opp."), and Plaintiff filed a reply, Dkt. # 36 ("Rep.").

II.     Legal Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the moving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all reasonable inferences in the light most favorable to the nonmoving party. *See T.W. Electric Serv., Inc. v. Pac. Elec.*

Case 2:16-cv-00917-PSG-E Document 44 Filed 07/12/17 Page 3 of 6 Page ID #:575

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-917 PSG E | | Date | July 12, 2017 |
|---|---|---|---|---|
| Title | Shirley Lindsay v. 6310-6318 Van Nuys Blvd. LLC *et al.* | | | |

*Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Pub. Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

III. <u>Discussion</u>

    A. <u>ADA</u>

Plaintiff's first cause of action asserts a violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq. See Compl.* ¶¶ 33–41. "To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

"In addition, '[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable.'" *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (quoting *Parr v. L & L Drive–Inn Restaurant*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)); *accord McComb v. Vejar*, CV 14-00941 RSWL E, 2014 WL 5494017, at *6 (C.D. Cal. Oct. 28, 2014).

Plaintiff moves for summary judgment on her ADA claim on grounds that there is no genuine dispute that (1) she is a person with a disability under the ADA; (2) Defendant owns and operates a place of public accommodation; (3) Defendant has failed to provide at least one van-accessible parking space for its disabled customers. *See Mot.* 6–10. Plaintiff contends that because the "lack of accessible parking constitutes a barrier," and "[p]roviding and maintaining accessible parking is readily achievable," she is entitled to summary judgment as a matter of law on her ADA claim. *Id.* at 8–10; *Vogel*, 992 F. Supp. 2d at 1008.

In opposing Plaintiff's motion, Defendant does not dispute that it owns and operates the property in question; however, Defendant challenges Plaintiff's disability status and more importantly, argues that the parking lot at issue is a private lot intended only for tenants, and as such, need not comply with ADA standards. *See Opp.* 2–3*; see Pappion v. R-Ranch Property Owners Ass'n*, 110 F. Supp. 3d 1017 (E.D. Cal. 2015) (noting that facilities "intended for or restricted to the use of a particular person or group or class of persons not freely available to the public" are private and exempt from the ADA). Furthermore, Defendant contends it has made

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-917 PSG E | Date | July 12, 2017 |
|---|---|---|---|
| Title | Shirley Lindsay v. 6310-6318 Van Nuys Blvd. LLC *et al.* | | |

voluntary improvements to the lot, thus bringing it into compliance with ADA standards. *See Opp*. 11–13.

First, while Plaintiff attests in her supporting declaration that she suffers from osteoarthritis, requires the use of a cane and wheelchair for mobility, and has a Disabled Person Parking placard issued in her name, *see Lindsay Decl*. ¶¶ 2–4, Defendant points to the absence of evidence that Plaintiff was disabled on the dates of the two visits, June 16, 2014 and February 24, 2016, and notes that the Disabled Persons Parking placard offered by Plaintiff was issued only in 2017. *See* Dkt. # 35-6, *Defendant's Response to PSUF* ¶ 1–3.

Second, Defendant vigorously disputes Plaintiff's assertion that the parking lot behind the Restaurant was ever open to the general public. *See generally Opp*. In support, Defendant submits the declaration of Morteza Ghasemizadeh, an owner of the property at issue, who attests that the rear parking lot has at all times been "closed to the 'general public,'" has "controlled gated entry" accessible only by tenants, and numerous "tenant only parking" and "tow away" signs are posted and clearly visible to all persons who might attempt to enter and park in the lot. *Morteza Decl*. ¶¶ 5, 11, 13. Defendant insists that Plaintiff's photographs are deliberately framed to "strategically cut-off" the tenant-only parking signs and show a gate that is open on account of being broken at the time. *Id*. ¶ 13. Defendant even contends that it is possible to push a button and hold the gate open in order to take "good ADA photographs." *Id*. ¶ 21. Defendant also submits its own photographs showing sings for reserved "tenant-only" parking placed throughout the lot. *See* Dkt. # 35-11, Ex. 102.

Lastly, Defendant asserts that a disabled parking space has been available in the rear parking lot since 1994, despite there being "no obligation under the ADA, state or local law." *Morteza Decl*. ¶ 22. Additionally, in the summer of 2016, Defendant made additional voluntary ADA improvements by adding a second "wheel chair accessible handicapped reserved space," "two ramps with adequate curbs and permissible slopes," and "handicapped space signs to supplement existing tenant only sings." *Id*. ¶¶ 22–23; *see also* Dkt. # 35-12, Ex. 103, Dkt. # 34-14, Ex.105. An inspection report issued on July 7, 2016 indicates that Defendant's parking lot is in compliance with the "2010 ADA Guidelines / Standards." Dkt. # 35-18, Ex. 109.

Plaintiff does not dispute that a private "tenant only" parking lot removes the property from mandatory ADA compliance; rather, Plaintiff argues that the lot in question "has not always been tenant-only." *Rep*. 5. Plaintiff argues that during the period prior to filing suit, the lot in question was in fact open to the public because the gate was open and there were no "tenant only" sings. *Id*. at 7. Plaintiff points to exhibits of photographs taken by her investigator on January 13, 2016 that show an open gate and no visible "tenant only" signs. Dkt. # 34-9, Ex. 5. Plaintiff contends that it was only after she filed her Complaint that Defendant closed the gate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-917 PSG E | Date | July 12, 2017 |
|---|---|---|---|
| Title | Shirley Lindsay v. 6310-6318 Van Nuys Blvd. LLC *et al.* | | |

and installed a tenant-only parking sign. *Id.*; *see also Rep.* 3. Finally, Plaintiff's own investigator, who visited the lot on April 19, 2017, attests in her report that the improvements asserted by Defendant have been made but nonetheless still fail to fully comply with ADA standards (i.e., lack of handrails on the pedestrian ramp, entry slope greater than 5%). *See* Dkt. # 34-11, Ex. 8.

Based on the foregoing, the Court finds that the evidence submitted by the parties reveals that ample triable issues of material fact, as well as significant credibility concerns, exist as to whether Defendant's rear parking lot is subject to ADA compliance such that Plaintiff can show a violation of her right to full and equal access. The parties dispute whether Plaintiff was a person with a disability on the dates she visited the premises, whether the sliding gate was broken or deliberately held open on the dates that Plaintiff's visited the lot; whether there have been "tenant-only" parking signs posted and visible at all times, whether Defendant closed the gate and posted the sings only after Plaintiff filed suit; and whether Defendant has in fact made adequate ADA improvements in the lot. Because the Court may not make credibility determinations and must draw all inferences in favor of Defendant, the Court cannot conclude as a matter of law that Defendant offered a public parking lot that failed to comply with ADA standards such that Plaintiff was denied full and equal access to the premises. Plaintiff's motion for summary judgment on her ADA claim is therefore denied.

### B. Unruh Act

Plaintiff's second cause of action asserts a violation of the Unruh Act, premised on violations of the ADA. *See Compl.* ¶ 43; *Mot.* 12; *Rep.* 8. The Unruh Act provides that "[a]ll persons within the jurisdiction of [California] are free and equal, and no matter what their ... disability [or] medical condition ... are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b); *Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir. 2014). In the disability context, the Unruh Act "operates virtually identically to the ADA." *Molski*, 481 F.3d at 731; Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the [ADA] shall also constitute a violation of this section."). Therefore, because Plaintiff is not entitled to summary judgment on her ADA claim, there can be no judgment as a matter of law on her Unruh Act claim.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED.

**IT IS SO ORDERED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV16-917 PSG E | Date | July 12, 2017 |
|---|---|---|---|
| Title | Shirley Lindsay v. 6310-6318 Van Nuys Blvd. LLC *et al.* | | |

AB for WH